## Road in Bensalem Township.

*Power of Quarter Sessions over Reports of Road Viewers.*

1. Under the general road law, the Court of Quarter Sessions has power to adopt either the report of the jury of view, or that of the jury of review. In approving one rather than the other, the court does not pass on the subject of damages.

2. Where under the Act of April 23d 1857, relative to roads in Bucks county, the first and second jury reported the same road, and differed only in the assessment of damages; *Held,* that the court could not adopt the first assessment in preference to the second; because their discretion does not extend to such a choice: if the road be approved, it must be with the damages last assessed.

3. Where the issue had been between the petitioners for the road and the county, as to which should pay the damages assessed, and the petitioners had been ordered to pay them, the owner of the land taken for the road should have received actual notice, by rule to show cause, before the court confirmed either report, by the selection of the assessment therein.

CERTIORARI to the Quarter Sessions of *Bucks county.*

Under the special road law passed April 23d 1857, for Bucks county, which authorizes the viewers to procure releases from the landowners, or in case this cannot be done, to assess the damages and make report to the court for their approval, &c., a proceeding was had under which a road was laid out in Bensalem township, on land of Mrs. Bilbrough. The jury were appointed at February Sessions 1859, and to April Sessions they made a report, laying out the road as prayed for and assessing Mrs. Bilbrough's damages at $175. At September Sessions a jury of review was appointed on petition of Mrs. Bilbrough. In their report they laid out the same road, but assessed her damages at $500, and directed it to be paid by the county. The court approved and confirmed the report *nisi,* but directed the damages to be paid by the petitioners. On the 18th of March 1860, the following exceptions were filed by one of the petitioners: 1. The court erred in directing the damages to be paid by the petitioners; and 2. The road is of sufficient public

[Road in Bensalem Township.]

necessity to require the court to order the damages to be paid by the county.

On argument, the court made the following decree :—

"The exceptions to the order of court as to the payment of the damages overruled, and the court, having before them both the report of viewers and reviewers, adopt the report of viewers, and order the road to be opened in conformity therewith of the width of 33 feet, so soon as satisfactory evidence shall be exhibited, agreeably to the rules of court, that the damages assessed by the said viewers have been paid by the petitioners, who are hereby ordered and decreed to pay the same."

Mrs. Bilbrough, who was not present at this argument, nor represented by counsel, afterwards, to wit, on the 11th of September 1860, presented a petition to the court, in which, after reciting the fact of the laying out of the road in question, and the existence of another road running through her land from the Frankford and Bristol turnpike to the Delaware river, dividing it into narrow strips and occasioning great expense for fencing, which the sum reported by the reviewers would not repay ; that the new road has been laid out for the accommodation of Joseph Ashton and Lemuel H. Davis, who, having erected a wharf on the Delaware, desired this road as accessory to it, and had offered her $500 if she made no opposition to the road ; that the exceptions which had been filed, argued, and disposed of, involved no question as to the correctness of the damages, but only as to who should pay them ; that she was no party to the questions raised by them, and had no notice of their being filed, or of the taking of depositions ; that the highest damages given were not high enough to compensate her ; and that the court had no power to adopt that report which deprived her of the damages awarded by the reviewers ; she prayed the court to rescind the order approving of the report of the viewers. Same day the court made the following decree :—

"The court refuse to open their order and decree of 13th of June 1860, or to grant any rule in the premises on the within petition, on the ground that the application comes too late : the petitioner having had her day in court, when, with proper diligence and vigilance on her part, the questions she now raises might have been presented."

On the next day, to wit, September 12th 1860, the court made the following final decree : "The report of viewers in said road case, which was filed on the 4th day of May, A. D. 1859, having been adopted by the court on the 13th of June 1860, and, on application now made for an order to open said road, it being admitted in open court that the sum of one hundred and seventy-five dollars, the damages assessed to the said Margaret S. Bilbrough by the said viewers, had been tendered to her and refused,

2 Wr.—24

[Road in Bensalem Township.]

and permission being asked on the part of said petitioners who are ordered to pay said damages to pay the same into court, the said permission is now granted. And it further appearing that the said sum of money has been paid into court, in pursuance of said permission, to be drawn out by the said Margaret S. Bilbrough in satisfaction and payment of her said damages, and that Joseph Ashton, to whom a like sum of one hundred and seventy-five dollars was assessed by said viewers, appeared in open court and waived his right to the same, the court order and direct that the clerk of said court shall issue an order to the supervisors of roads and highways of said township of Bensalem to open said road." The money paid into court was not taken out by Mrs. Bilbrough, who sued out this *certiorari*, and assigned for error the following:—

That the court erred in confirming the report of the jury of view, and in setting aside the report of reviewers.

*Thomas Ross*, for appellant.—The Act of 1857, relative to roads in Bucks county, though unskilfully drawn, is clear enough to enable this court to decide that the court below had no power to reject the report of reviewers, and adopt the report of the viewers. The reports were alike in all respects except the amount of damages. The exceptions were as to the liability of the county for their payment, and on the argument the report of the reviewers, which awarded $500 to the landowner, was set aside, and that of the viewers, which gave her but $175, was adopted, and this without any authority in the act, without notice to the party to be affected by the decree, and without any evidence.

The general road law gives this power (Buckwalter's Road, 3 S. & R. 236; Bachman's Road, 1 Watts 400) as to reports of viewers appointed to lay out roads; but there is no power even to grant a review of a report of damages: Newville Road Case, 8 Watts 172.

When the viewers and reviewers report different routes, assessing the damages for each, the power of selection may exist; but in this case the same road is reported by both juries. In addition to this, the action of the court in the premises was had in the absence of the person who was most deeply interested in it, and without notice. Hearing she had none, and the record shows that when she applied for a hearing it was refused.

*George Lear*, for petitioners.—It cannot be said that Mrs. B. had no notice of this proceeding, nor that it was done without evidence. The reviewers were appointed on her petition, and the names of her counsel are endorsed on her petition. The court should not be censured if her business was not attended to. The court exercised their discretion in this matter, and the pre-

[Road in Bensalem Township.]

sumption is that they were justified by the facts, which cannot appear in a court of error : Fretz's Appeal, 3 Harris 398 ; Lower Macungie Road, 2 Casey 221.

But notice to parties of the confirmation or rejection of a report of viewers by the court is not necessary : Bachman's Road, 1 Watts 400; Buckwalter's Road, 3 S. & R. 236. The power to decide between conflicting reports is incident to the administration of the road laws, and reports of viewers assessing damages have been set aside : Road in Kiskeminitas, 8 Casey 9. See 3 S. & R. 236 ; 1 Watts 400; 1 Wharton 109; 5 Casey 22 ; 8 Watts 172; 8 Casey 384; 10 Id. 415.

The opinion of the court was delivered, March 11th 1861, by
STRONG, J.—Under the general road laws the Court of Quarter Sessions has power to adopt either the report of the jury of view, or that of the jury of review: Buckwalter's Road, 3 S. & R. 236 ; Bachman's Road, 1 Watts 400. Both the view and review are for the purpose of informing the conscience of the court, and therefore either or both may be rejected. In approving one rather than the other, the court does not pass upon the subject of damages awarded to the landowners, for with them the juries of view and review have nothing to do; damages are assessed by a distinct proceeding, and, as it has been held that there is no power to grant a review of an assessment of damages (8 Watts 178), as to them there is no opportunity to choose between a report of a jury of view, and one of review. But the Act of April 23d 1857, entitled an 'Act to amend the road laws of Bucks County", has made very considerable changes in the law applicable to roads in that county. It has imposed upon juries of view and review, not only the duty of laying out and reporting the proposed new road, if they shall deem there is occasion for it, but also the duty of assessing the damages that may be caused by it to landowners through whose property it may pass. Under this local system, therefore, there is to be an assessment of damages with every view and review, and it is to be returned as a constituent part of every report. One object of the legislature doubtless was, in requiring that the viewers of the road shall also assess the damages if they report favourably to the road, to assist the court to judge whether the public convenience requires it, sufficiently to warrant the payment of the damages which it may cause. Whether that be so or not, an assessment is peremptorily required with every view and review. In Durnall's Road, 8 Casey 383, it was ruled that under a statute quite similar, enacted for Chester county, objections to the amount of damages assessed by the jury, may be a ground for a review. The meaning of this is, that any landowner, dissatisfied with the assessment of his damages, may petition for a review. Of course the review

extends to the entire action of the viewers, in laying out the road and estimating the damages. It must happen, therefore, that different sums may be assessed by successive juries, a thing not possible under the general road law; and when the jury of review lays out a different road from that laid out by the jury of view, the discretion vested in the court to adopt one report rather than the other, necessarily includes the power to affirm one assessment of damages in preference to the other; for the assessment is inseparable from the report. But such is not this case. Both the jury of view and that of review reported the same road, and their reports differ only in the sum assessed for the damages of Mrs. Bilbrough. There was no room, therefore, for the exercise of a discretion in the choice between different routes for the proposed road. A choice between the reports had no other effect than a selection of one assessment rather than the other. Under the general road law no such discretion was vested in the court, and we do not think it exists under the local system provided for Bucks county. In Durnall's Road, it was said, the special law did not change the general law, except so far as it is inconsistent with it, and so far as change becomes necessary in order to adapt the new to the old, of which it is made a part.

Even if it were a matter of discretion, we are of opinion that the selection should not have been made, without *actual* notice to Mrs. Bilbrough. True, she had petitioned for a review; that was a mode of opposition to any road at all. She ought not to have been held under obligation to move for the confirmation of either report. If confirmation of either was desired by the applicants for the road, she should have been warned by a rule to show cause, especially under the circumstances of this case. She may have been misled, and probably was, by the collateral issue between the petitioners for the road and the county, and this is the more probable, as no exception was taken to the amount reported in her favour by the jury of review. In that issue she had no interest. To her it was a matter of indifference whether the damages were paid by the petitioners for the road, or by the county. When the petitioners were ordered to pay them the public ceased to have any interest in the amount of the assessment, and not till then could Mrs. Bilbrough have taken any action. But contemporaneous with that order, and without any further notice to her, was the adoption by the court of the report of viewers, in other words, was the selection of the first assessment. Even if the court had the power to make such a choice, we think it was unduly exercised. But in cases where the first and second jury report the same road and differ only in the assessment of damages, our opinion is, that the court cannot adopt the first in preference to the second assessment. To such a choice their discretion does not extend, for the assessment,

[Road in Bensalem Township.]

unlike the report upon the necessity of the road, is not for the information of the judicial conscience.   If the road be approved, it must be with the damages last assessed.

The order of the Court of Quarter Sessions is reversed, and the record is remitted with a *procedendo*.