# In Re Public Road in Benzinger Township.

1. The Court of Quarter Sessions of the Peace should either unqualifiedly approve or disapprove the road laid out and returned by viewers. Unless satisfied of the necessity for the road under the circumstances, the court may refuse approval, notwithstanding the favorable report of the viewers.

2. It is not in the province of the court to condition the approval by an order to open an indefinite portion of a road, in this case to a point convenient to a saw-mill, and forbid the opening of the other part until further order. Such a conditioned approval evidences that the court was of opinion that there was no present necessity for the road as laid out. The court cannot approve a part of a road only.

February 16th, 1887. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

CERTIORARI to the Court of Quarter Sessions of the Peace, of *Elk county :* Of January Term, 1887, No. 36.

The record showed the following: On September 15th, 1884, upon petition, the court appointed viewers to view and make report of the propriety of laying out a public road, to begin in a public road leading from Kaul's mill to George Reuscher's, at a point near Erhardt Gahn's barn, and to end in a public road leading from Swissmount to Rathbun at a point near where said road crosses West Creek in Benzinger township.

[In re Public Road in Benzinger Township.]

On November 19th, 1884, the viewers filed their report, reporting in favor of laying out said road.

To their report the supervisors of the road and certain citizens and tax-payers filed the following exceptions.

1. That the road is entirely unnecessary and would benefit no one but the owners of a small saw-mill on the line of said road and their employees; that said saw-mill will in all probability be abandoned in about two years and the road be of no further use.

2. That there is now a good public road leading from St. Mary's to Swissmont which answers all purposes of travel and traffic between said points, which said public road is about the same distance between St. Mary's and Swissmont as the proposed road would be.

3. That Benzinger township is now in debt to the amount of over eight thousand dollars, and is unable to raise money to build the roads already granted by your said court, and that the granting of the proposed road would for this, if no other reason, be burdensome to the inhabitants of said township.

On May 27th, 1886, the court indorsed the following order on the report: " Confirmed. That the road be opened to a point convenient to the saw-mill of Sykes & Caflish and the other part of the road not to be opened until further order of the court."

The exceptants thereupon took this writ and assigned said order for error.

*Harry Alvan Hall*, for plaintiffs in error.—The court has no right to make an alteration in the report of viewers of a road. The report is the act of the viewers which the court may either reject or confirm, but they cannot alter it, for it is then no longer the act of the viewers: Road from Hern's Mill to Columbia Turnpike, 14 S. & R., 204.

The viewers had no notice of the proposed alteration.

It will be contended that the order of the court was a confirmation of the whole report and that the portion which refers to the opening of the road was only an exercise of judicial discretion as to how far the road should be opened at this time. The court has no such discretion. The only discretionary power vested in the court regards the confirmation or rejection of the report of viewers; when that is done discretion is at an end.

After an approval of the report of viewers and an order fixing the width of the road, the judicial functions of the court have terminated. The court in making an order to open acts merely in a ministerial capacity which could equally well be

exercised by the clerk of the courts: Road to Ewing's Mill, 8 Casey, 282.

The clerk of the court has the same power to issue and order to open that the court has. It will scarcely be contended that the clerk could exercise any discretion in regard to how much of the road should be opened.

The court cannot designate an intermediate point in an order to viewers: McConnels Mill Road, 8 Casey, 285; Road in Lower Merion Township, 55 Pa., 66.

It would seem to follow *a fortiori* that the court cannot designate an intermediate point in any subsequent orders.

*Walter W. Ames*, for defendants in error.—As we understand, the court's indorsement was an absolute confirmation of the report, overruling the exceptions and making stable the confirmation *nisi;* else, why the following: "Now, May 27th, 1886, confirmed." Had this part of the order not been so punctuated, the appellant's argument relative to intention would have more force.

But objection is made that the order is uncertain in not stating which end of the road should be opened ; there is little ground for discussion here, as the report states where the road commences and where it ends, and in the absence of other designation it is easily seen that the intention was to open the road from the starting point to Sykes & Caflisch's mill.

The appellee does not contend that the court has a right to designate intermediate points in the order to view; it was not done in this case, hence McConnels Mill Road, 8 Casey, 285, and Road in Lower Marion Township, 58 Pa. St., 66, do not apply.

In the Road to Ewings Mills, 8 Casey, 282, cited by appellant, the court did enunciate the principle that is contended for in this case in terms applied to the facts in the case then under consideration, where the report was filed, confirmed and ordered opened a certain width, without exceptions, the judicial functions of the court have terminated ; but where exceptions are filed within the time required, the court must necessarily adjudicate.

Suppose the court's order after the word "confirmed," is without legal authority, then this court will treat it as surplusage and the confirmation absolute will remain.

Mr. Justice TRUNKEY delivered the opinion of the court, March 21st, 1887.

The exceptions filed by the supervisors of the township had so much merit that instead of simply approving the road as laid out by the viewers, the court "confirmed that the road be

opened to a point convenient to the sawmill of Sykes & Caflish and the other part of the road not to be opened until the further order of the court."

It is suggested by the petitioners that all after the word confirmed may be treated as surplusage. But this should not be done in the statutory proceeding for a public road. The court should either unqualifiedly approve or disapprove the road laid out and returned. Unless satisfied of the necessity for the road, under the circumstances, the court may refuse approval, notwithstanding the favorable report of the viewers.

After a public road has been laid out, approved and entered on record, the duty of the supervisors begins, which duty is prescribed by statute. It is not in the province of the court to condition the approval by an order to open an indefinite part convenient to a saw-mill, and forbid the opening of the other part until further order. Such a conditional approval evidences that the court was of opinion that there was no present necessity for the road as laid out. The court cannot approve a part only. If this order be held valid it is neither more nor less than approval of a part—the order to open the other part may never be made.

The entire road, in the opinion of the court, may be unnecessary, and in that case it matters not that the court should believe a fraction of it necessary, for the road must be considered as a whole.

The order of confirmation, dated May 27th, 1886, is reversed.