## ROAD IN BENZINGER TOWNSHIP.

APPEAL BY N. KRONENWETTER ET AL. FROM THE COURT OF QUARTER SESSIONS OF ELK COUNTY.

Argued May 6, 1890—Decided May 19, 1890.
[To be reported.]

1. An assignment of error specifying that "the court erred in making the order of June 1, 1888, without the award of a procedendo by the Supreme Court," is defective in that, in violation of the rules, it does not set out the order of the court below referred to.
2. When the Supreme Court reversed an order confirming a public road as irregular, without setting aside the proceedings, but omitted to award a procedendo, it was proper for the court below, on the return of the record, to proceed with the case notwithstanding the omission.
3. If an order of procedendo were absolutely necessary in such case, it would be awarded nunc pro tunc: courts now pay less regard to mere technicalities than formerly, and seldom allow them to interfere with the justice of a cause: Per Mr. Chief Justice PAXSON.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and MC-COLLUM, JJ.

No. 26 January Term 1890, Sup. Ct.; court below, No. 1 May Term 1885, Q. S.

On September 15, 1884, certain inhabitants of Benzinger

township petitioned the court below for the appointment of viewers to lay out a public road between certain points in said township. Viewers were appointed accordingly, who in due course made a report in favor of laying out a road, and the court on November 19, 1884, entered this order: " Report confirmed nisi and road ordered to be opened 50 feet wide."

On January 26, 1885, Nicholas Kronenwetter, J. J. Vollmer and others filed exceptions to the report of the viewers, upon the ground that the road was unnecessary and would be burdensome to the township. Depositions in support and in rebuttal of the allegations of fact contained in the exceptions were taken by the exceptants and by the petitioners for the road, respectively, and on May 27, 1886, after hearing and argument, the court indorsed the following order on the report: " Confirmed, that the road be opened to a point convenient to the saw mill of Sykes and Caflish, and the other part of the road not to be opened until further order of the court."

Upon a writ of certiorari at No. 36 January Term 1887, the final order of confirmation was reversed by the Supreme Court, in an opinion by Mr. Justice TRUNKEY, holding that the road laid out by the viewers must be considered as a whole, and as such should be either unqualifiedly approved or disapproved, and that the court could not approve or direct the opening of a part of it only: Benzinger Tp. Road, 115 Pa. 436. No award of a procedendo was made by the Supreme Court, the judgment entered thereby being simply: " The order of confirmation, dated May 27, 1886, is reversed."

On May 18, 1888, the record was returned to the court below, accompanied by a remittitur showing the judgment of reversal, and by a copy of the opinion of the Supreme Court. On June 1, 1888, on motion the court MAYER, P. J., made an order overruling the exceptions filed, and confirming the report of the viewers absolutely. Thereupon the exceptants, Kronenwetter and Vollmer, took this appeal, filing the following assignment of error:

" 1. The court erred in making the order of June 1, 1888, without the award of a procedendo by the Supreme Court."

*Mr. Harry Alvan Hall* (with him *Mr. C. H. McCauley* and *Mr. Fred H. Ely*), for the appellants:

The reversal of the order of the court below, by the Supreme Court, was final, and left nothing to be done by the lower court. Had anything remained for it to do, the Supreme Court would have awarded a procedendo. As this court decided, the order of May 27, 1886, was in itself evidence that the whole road was not necessary. No procedendo having been awarded, all the subsequent proceedings in the court below were erroneous, illegal and void: Pearson's Sup. Ct. Practice, 338; 4 Bl. Com., 321.

*Mr. W. W. Barbour* (with him *Mr. N. T. Arnold*), for the appellees:

1. The reversal of the order of May 27, 1886, did not set aside the petition and the report of viewers, nor affect the order of confirmation nisi: Ranck v. Becker, 12 S. & R. 426; 1 Tr. & H. Pr., § 870. Had the Supreme Court intended to set aside the whole proceedings, they would have expressed such intention clearly, by making an order in the comprehensive form that they have been accustomed to pursue when they have designed to effect such a result: Brady St., 99 Pa. 591; Gibson & Guy's Mill Road, 37 Pa. 255; McConnell's Mill Road, 32 Pa. 285; Chartiers Tp. Road, 48 Pa. 314; Road Case, 4 W. & S. 39.

2. Moreover, for the Supreme Court to set aside the proceedings upon the ground that the road was unnecessary would have been to pass upon the merits, which this court cannot do in a road case: Kensington etc. Turnpike Co., 97 Pa. 269; Kirk's App., 28 Pa. 185; Moore Tp. Road, 17 Pa. 116; Duff's Road, 66 Pa. 459; Thirty-fourth St., 81 Pa. 27; Esling's App., 89 Pa. 205. It cannot look into the testimony, though incorporated in the opinion of the court below: Mauch Chunk v. Nescopeck, 21 Pa. 46; Bradford Tp. v. Goshen Tp., 57 Pa. 495. See also Sup. Ct. Rule, XXXIV. The effect of the reversal was simply to reinstate the exceptions, not to sustain them.

3. The subsequent proceedings in the lower court are not void for lack of a formal order to proceed. It is true the record must go back before it could proceed further: Cox v. Henry, 36 Pa. 445; Penna. R. Co. v. Commonwealth, 39 Pa. 403; but it is the record, rather than the order to proceed,

which gives the court below jurisdiction, and no decision of this court holding otherwise can be found. In Albright v. McGinnis, 4 Y. 517, where there had been a trial on the merits after a reversal without the award of a venire facias de novo, without a remittitur and without an actual return of the record, this court refused to interfere with the judgment. Under § 11, act of June 16, 1836, P. L. 787, it is unnecessary to formally order a remittitur. Moreover, the court below have simply carried the decision of this court into effect.

OPINION, Mr. CHIEF JUSTICE PAXSON:

The only assignment of error is, that "the court erred in making the order of June 1, 1888, without the award of a procedendo by the Supreme Court." The assignment does not set out the order of June 1st, and in this it is defective. It is, however, printed upon the same page of the paper-book, and is as follows: "Exceptions to the confirmation overruled, and report of viewers confirmed absolute." It will thus be seen that no objection appears to this order save the single fact that it was made in the absence of a procedendo from this court.

To understand this fully, it is proper to state that the report of this same jury of view was before us in 1887, and that the error assigned then to the action of the court below was this: "The court erred in confirming only a part of the report of viewers, and in ordering the road to be opened to an intermediate point, instead of confirming or rejecting the whole:" Benzinger Tp. Road, 115 Pa. 436. This court, in an opinion by our late Brother TRUNKEY, reversed this order, upon the ground that the court could not approve of a part only of the road, it should approve or reject the whole; and that to make an order opening only a portion of said road was error. The order of this court was as follows: "The order of confirmation dated May 27, 1886, is reversed." No procedendo was awarded; it was probably an oversight, as our order left the case unfinished in the court below. Notwithstanding the omission of a procedendo, that court resumed the consideration of the case, resulting in the order of confirmation of June 1, 1888. We do not see any error in this. The necessity of further proceedings was indicated by our Brother TRUNKEY in his opinion, when he said: "The court should either unqualified-

ly approve or disapprove the road laid out and returned. Unless satisfied of the necessity for the road, under the circumstances, the court may refuse approval, notwithstanding the favorable report of the viewers."

As before observed, our order left the case undisposed of in the court below. We did not decide the main question. Our decision was upon a single point only, viz., that the road could not be confirmed and opened in part. The objection that the record was sent down without a procedendo is purely technical, and the court below was entirely right in proceeding to dispose of the case. Even were a procedendo necessary, we would award it nunc pro tunc. Courts pay less regard to mere technicalities now than formerly, and will seldom allow them to interfere with the justice of a cause. As long ago as Albright v. McGinnis, 4 Y. 517, it was held that where a judgment of the Common Pleas had been reversed on error, but the record not remitted, nor a venire facias de novo awarded, and there had been a trial on the merits in the Common Pleas, this court would not interfere with the judgment, but would order the record remitted with a new venire, nunc pro tunc, TILGHMAN, C. J., saying: "This court is of opinion that, inasmuch as it had power to remit the record, and award a venire facias de novo, and as the parties have proceeded to a trial, and the cause has been tried on its merits, it is proper that an order to remit the record to the Court of Common Pleas, and an award of a venire facias de novo, should now be entered as of the term when the first judgment was reversed." These are words of sound wisdom, and entirely applicable to the case in hand. No possible good would result from reversing the court below upon this bald technicality. It would only compel that court to do its work over again, with the same result, and with added expense and vexation to the parties in interest.

Order affirmed.