## Ohio and Ross Township Road.

*Road law—Reviewer—Original petitioner.*

The appointment of one of the original petitioners for a road as a reviewer is an irregularity that is fatal to all proceedings subsequent to the presentation of the petition for the appointment of reviewers.

*Road law—Decision of court—Practice, Q. S.*

The decision of the court in a road case must be based upon the report of either viewers, reviewers or re-reviewers, and not upon testimony taken by a commissioner upon a sort of general appeal from the reports of the viewers, reviewers and re-reviewers.

Argued Nov. 12, 1894.   Appeal, No. 324, Oct. T., 1894, from order of Q. S. Allegheny Co., Dec. T., 1891, No. 5, confirming report of reviewers.  Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Reversed.

Petition for public road.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was confirmation of report.

*N. W. Shafer*, for appellant.

*R. B. Petty*, for appellees.

OPINION BY MR. CHIEF JUSTICE STERRETT, Jan. 7, 1895:
Owing to illness of the county engineer, who by special law

was both viewer and artist, the first order to view was duly extended and made returnable to June Sessions 1892, at which a report in favor of the proposed road was made, approved and width of road fixed at thirty-three feet. At September Sessions, a petition in due form was presented and reviewers were appointed, one of whom, John English, is admitted to be a signer of the original petition. Before said reviewers reported, the appointment of Mr. English was specifically excepted to, but it does not appear that any action was taken thereon.

At December Sessions 1892, two of the reviewers, one of whom was Mr. English, reported against the road, and their report was confirmed nisi. Re-reviewers, subsequently appointed, reported in favor of the road. Exceptions to reports of viewers and re-reviewers having been filed, a commissioner was appointed and a mass of testimony, covering twenty-two pages of the paper-book, was taken, mainly on the necessity of the proposed road. Finally the court sustained the exceptions, set aside the reports of the viewers and re-reviewers, and confirmed the report of the reviewers, saying: "We think the evidence does not show a necessity for a public road." This remark would appear to indicate that the learned court's decision was based, not upon the report of either viewers, reviewers or re-reviewers, but upon the mass of testimony taken on a sort of general appeal from the reports of viewers, etc. Strictly speaking, that testimony is no part of the record before us; nor do we think it was properly before the court below on the question of necessity or non-necessity of the proposed road. That question should be determined in the duly appointed mode of proceeding, by views, reviews and, in the discretion of the court, re-reviews.

But, aside from all other considerations, the appointment of Mr. English, one of the original petitioners for the road, as a reviewer, was an irregularity that is fatal, at least to all proceedings subsequent to the presentation of the petition for appointment of reviewers. In Donegal Road, 4 Yeates, 479, this court reversed the proceedings, "as well because there had been no review, as that one of the petitioners for the road had been appointed a reviewer," and said: "It is inconsistent with the first principles of justice that the same person should be both judge and party." To the same effect are, Radnor Road, 5 Bin. 612, and McClaysburg Road, 4 S. & R. 200. In the for-

mer, the fact that a petitioner acted as a reviewer was declared "fatal to the proceeding," "an irregularity that cannot be overlooked."

In this case, as we have seen, the proceedings, up to and including the presentation of the petition for appointment of reviewers, are regular; and hence there appears to be no necessity for setting them aside. When the record is returned to the court below, proceedings may be resumed by appointing competent reviewers on the petition duly presented for that purpose on September 8, 1892, and thence duly prosecuted to final decree.

It is therefore adjudged and decreed that all proceedings subsequent to the presentation of the petition for appointment of reviewers, including the appointment of reviewers erroneously made thereon, be reversed and set aside, and it is ordered that the record be remitted to the court below for further proceedings in accordance with the foregoing opinion.