# Benton Township Road.

*Appeals—Paper-books—Road law—Petition.*

1. The jurisdiction of the court to appoint road viewers or confirm any report which they may make is dependent on the terms of the petition for the appointment of viewers. Such petition must describe the termini of the proposed road with reasonable accuracy, and the termini of the road as located by the viewers must be in substantial compliance with the petition. If, on appeal, the petition is not printed in the appellant's paper-book, the appellate court is justified in quashing the appeal.

*Road law—Report of viewers—Discretion of court—Act of February 24, 1845, P. L. 52.*

2. In passing upon the report of a road jury the judge of the court of quarter sessions is vested with discretion to approve or disapprove the report.

3. Under the local law of February 24, 1845, P. L. 52, relating first to Luzerne county and afterwards to Lackawanna county, the court of quarter sessions has the discretion to approve or disapprove the report of a road jury.

Argued March 3, 1909. Appeal, No. 23, April T., 1909, by G. G. Rough et al., from order of Q. S. Lackawanna Co., April

Term, 1907, No. 287, sustaining exceptions to report of viewers
In re Road in Benton Township. Before RICE, P. J., PORTER,
HENDERSON, MORRISON, HEAD and BEAVER, JJ. Affirmed.

Exceptions to report of road viewers.
The opinion of the Superior Court states the case.

*Error assigned* was order sustaining exceptions to report of
viewers.

*A. A. Vosburg*, with him *C. W. Dawson* and *J. W. Browning*,
for appellant, cited: Ohio & Ross Twp. Road, 166 Pa. 132;
Montgomery Street, 7 Luz. L. R. 79; Amwell Twp. Road, 28
Pa. C. C. Rep. 129; Columbus Twp. Road, 13 Pa. Dist. Rep. 541;
Young Twp. Road, 27 Pa. C. C. Rep. 106; Parker Twp. Road,
14 Pa. Dist. Rep. 11; East Hempfield Twp. Road, 21 Lanc.
L. R. 267; East Franklin Twp., 8 Pa. C. C. Rep. 590.

*J. E. Sickler*, for appellees, cited: Bachman's Road, 1 Watts,
400; Lenker's Petition, 1 W. N. C. 236; Brecknock Twp. Road,
2 Woodw. 437; Hatfield Twp. Road, 3 Northampton Co. Rep.
292.

OPINION BY PORTER, J., October 11, 1909:
The appellants have not in their paper-book printed the peti-
tion for the appointment of viewers, upon which this proceeding
is founded. The jurisdiction of the court to appoint the viewers
or confirm any report which they might make was dependent
on the terms of that petition. The petition must describe the
termini of the proposed road with reasonable accuracy, and the
termini of the road as located by the viewers must be in sub-
stantial compliance with the petition: Dunbar Township Road,
12 Pa. Superior Ct. 491; Crescent Township Road, 18 Pa. Supe-
rior Ct. 160. The appellants have printed the precept which
issued to the viewers, and if that instrument followed the peti-
tion, as to the description of the termini of the road, there is
certainly a question whether any viewers ought to have been
appointed. The part of the record which appellants have

printed does not show that the appellants were parties to the proceeding in the court below nor that they have any standing to maintain this appeal. We would be warranted in quashing the appeal upon this ground, but will consider the single question argued on behalf of appellants.

The viewers having been appointed made a report finding the road prayed for to be necessary for the traveling public and locating the same. The supervisors of the township, who are resident taxpayers, filed exceptions to this report, one of which was, that the proposed road was entirely unnecessary for public use, and would benefit no one but the owners of a certain acid factory located in Wyoming county; and another exception averred that the construction and maintenance of the road would be very burdensome to the inhabitants and taxpayers of the township of Benton. The court heard testimony and sustained these exceptions, disapproved the report and dismissed the petition at the cost of the petitioners. The learned judge in his opinion said: "It may be a case for a private road, but from the standpoint of public convenience it is without merit." The question presented and argued here is, has the court of quarter sessions authority to disallow a road, in favor of which viewers have reported, for the reasons raised by these exceptions; that the road is unnecessary and that its construction and maintenance would be very burdensome to the taxpayers of the township.

The Act of June 13, 1836, P. L. 555, sec. 4, provides: "If the court shall approve of the report of the viewers, allowing a road, they shall direct of what width the road so approved shall be opened." Under the general road law both the view and review are for the purpose of informing the conscience of the court, and therefore either or both may be rejected: Road in Bensalem Township, 38 Pa. 368. The act of the court in passing upon a report of viewers is not merely ministerial; but in the performance of that act a judicial discretion is to be exercised. Chief Justice WOODWARD said, In the Matter of the Opening of Wharton Street, 48 Pa. 487: "In committing road cases to the Court of Quarter Sessions, which is a court of record, of constitutional origin, and of common-law powers, the legislature

manifestly intended that a judicial discretion should be exercised in such cases. Accordingly it was held in Buckwalter's Case, 3 S. & R. 236, and again in Bachman's Case, 1 Watts, 400, that though a review is matter of right, it, as well as the view is only intended to inform the conscience of the court. . . . If a mere registry of the report of viewers had been intended, it would have been made most naturally in the recorder's office, and no· approval of the Court of Quarter Sessions would have been required, but when a court of record was required to approve, a judicial discretion was implied." The disallowance of a road rests in the discretion of the quarter sessions, and depends on facts which cannot appear in the court of error: Fretz's Appeal, 15 Pa.. 397. These authorities and others which might be cited clearly establish that, in passing upon reports of viewers under the general road law the judge of the court of quarter sessions is vested with discretion to approve or disapprove the report. That in the exercise of that discretion he may consider the question of the necessity for the proposed road does not seem to be open to question. "Unless satisfied of the necessity for the road, under the circumstances, the court may refuse approval, notwithstanding the favorable report of the viewers:" In re Public Road in Benzinger Township, 115 · Pa. 436. That decision rules this case adversely to the contention of the appellants.

The county of Lackawanna was taken from the county of Luzerne, and is subject to the provisions of the Act of February 24, 1845, P. L. 52. · That statute changed the number of viewers to be appointed in road cases and required that the viewers assess the damages arising from the opening of the road, and to that extent changed the law applicable to the roads of that county; but it did not divest the court of quarter sessions of the discretion to approve or disapprove of the report of viewers: Road in Bensalem Township, supra. The fourth section of the act of 1845 provides, that when damages are assessed, "and if the said court shall be satisfied that the · amount of damages assessed in any case is such that the public interest will be subserved by ·its payment, and the opening of the road, said court shall confirm such view or review, and the

assessment of damages, which shall be paid as now directed by law; but if said court shall not be satisfied, the said report shall not be confirmed, unless the same shall be paid first by the petitioners." The report of viewers in the present case assessed damages in favor of Edwin Hartley, an owner of land through which the proposed road was located, in the sum of $200. The court was not satisfied that the public interest would be subserved by the payment of these damages and, as the petitioners did not pay the damages, the statute forbade the approval of the report, even if the court had, apart from the question of damages, been convinced that the road was necessary. This is an additional reason why this appeal cannot prevail.

The order of the court below is affirmed and the appeal dismissed at cost of the appellants.