## Christner's Petition.

*Private road—Necessity—Maintenance of—Viewers report.*

1. The question of necessity or non-necessity of a proposed road is to be determined in the regular appointed mode of proceeding, by view, review, and, in the discretion of the court, by re-review.

2. If viewers state the reasons for their findings, the court may determine whether they are tenable in law; but if no reasons are stated, the findings are conconclusive.

3. When viewers report that a private road is necessary for the common use of several persons, they may also direct it to be maintained at their joint expense.

Exceptions to report of viewers. Q. S. Somerset Co., Dec. Sess., 1922, No. 2, Road Docket.

C. W. *Walker*, for petitioner; C. L. *Shaver*, for exceptant.

BERKEY, P. J., April 6, 1923.—This is a proceeding instituted by Albert Christner for a private road. The viewers reported in favor of the road. William Duecker, through whose land the private road was laid out, filed numerous exceptions to the report, but two of them need be considered, viz.: *(a)* That the viewers erred in finding the private road laid out necessary;

and (b) that the viewers erred in finding "that this portion of the said private road, as herein laid out (351 feet), is necessary for the use of the said William Duecker. . . . Your viewers, therefore, find that it is necessary for William Duecker and Albert Christner to use this portion of the said private road in common and maintain the said portion at their joint expense."

The first exception raises the question as to whether the court has authority to review the finding of fact as to the necessity of the road.

In re Public Road in Benzinger Township, 115 Pa. 436, Mr. Justice Trunkey, delivering the opinion of the Supreme Court, said, page 439: "The court should either unqualifiedly approve or disapprove the road laid out and returned. Unless satisfied of the necessity of the road, under the circumstances, the court may refuse approval, notwithstanding the favorable report of the viewers."

In re Benzinger Township Road, 135 Pa. 176, in an opinion by Mr. Chief Justice Paxson, the language of Justice Trunkey is again recited.

In Kingston Township Road, 134 Pa. 409, in a *per curiam* opinion, page 416, it is said: "The report of the viewers, reviewers, and the supplemental report of the latter, together with the testimony taken on the exceptions thereto, were all before the court when the former was confirmed. . . . There appears to be no error in this record that calls for either a reversal or modification of the order complained of."

In Benton Township Road, 41 Pa. Superior Ct. 57, we have a case directly in point: "The viewers having been appointed, made a report finding the road prayed for to be necessary for the traveling public. . . . Taxpayers filed exceptions to this report, one of which was, that the proposed road was entirely unnecessary for public use. . . . The court heard testimony and sustained the exception, disapproved the report, and dismissed the petition. The question presented . . . is, has the Court of Quarter Sessions authority to disallow a road, in favor of which viewers have reported, for the reason raised by the exception; that the road is unnecessary?" The authorities are here reviewed at length bearing upon this exception. The court then proceeds as follows: "These authorities, and others which might be cited, clearly establish that, in passing upon reports of viewers under the general road law, the judge of the Court of Quarter Sessions is vested with discretion to approve or disapprove the report. That, in the exercise of that discretion, he may consider the question of the necessity of the proposed road does not seem to be open to question." The court then cites Benzinger Township Road, 115 Pa. 436, and adds: "That decision rules this case adversely to the contention of the appellants."

In Ohio and Ross Township Road, 166 Pa. 132, in an opinion by Mr. Justice Sterrett, appears the following: "At December Sessions, 1892, two of the reviewers, one of whom was Mr. English, reported against the road, and their report was confirmed *nisi.* Re-reviewers, subsequently appointed, reported in favor of the road. Exceptions to reports of viewers and re-reviewers having been filed, a commissioner was appointed and a mass of testimony, covering twenty-two pages of the paper-book, was taken, mainly on the necessity of the proposed road. Finally, the court sustained the exceptions, set aside the reports of the viewers and re-reviewers, and confirmed the report of the reviewers, saying: 'We think the evidence does not show a necessity for a public road.' This remark would appear to indicate that the learned court's decision was based, not upon the report of either viewers, reviewers or re-reviewers, but upon the mass of testimony taken on a sort of general

4 D. & C.

appeal from the reports of viewers, etc. Strictly speaking, that testimony is no part of the record before us; nor do we think it was properly before the court below on the question of necessity or non-necessity of the proposed road. That question should be determined in the duly appointed mode of proceeding, by views, reviews and, in the discretion of the court, re-reviews."

This case was, however, reversed upon other grounds, and while the language of the court appears to me as an entirely sensible view of the law, for numerous reasons that must appeal to any person learned in the law who considers the language in all its bearings upon the question, yet, nevertheless, I must conclude that the Superior Court has treated the language of the learned justice as mere *dictum*, for it appears in Benton Township Road, 41 Pa. Superior Ct. 57, 58, that counsel for the appellant in their paper-book cited the Ohio and Ross Township Road, 166 Pa. 132, but in the opinion of the Superior Court the case is entirely ignored in the discussion of the law applicable to the exceptions considered; and in point of time, the Benton Township Road case, 41 Pa. Superior Ct. 57, was decided fourteen years later than the Ohio and Ross Township Road case.

This Benton Township Road case seems to have been the guiding star to the Courts of Quarter Sessions in disposing of the question of necessity as to public and private roads until the case of Public Road in Roaring Brook Township was decided in 72 Pa. Superior Ct. 447, in which that case seems to be reversed. In the latter case, where the viewers report a necessity for the road without assigning a reason for their action, the Court of Quarter Sessions may not review that finding by the viewers. In that case Trexler, J., said: "The court held that the only question before the viewers was the necessity for the road, that the reasons given by the viewers for their finding were such as were not tenable. They were dealing with matters which were not within the purview of the order of the court. Had they been content to report against the road without any comment, the matter would assume a different phase, but having stated the reasons for their action, the court could consider whether they were such as the viewers could legally base their finding on. We do not think the court erred in setting aside the report. It would be putting the administration of justice in shackles to hold that where, on the face of the record, a conclusion reached was found upon reasons indefensible in law, the court could not interfere and right matters. We find an analogy in license cases, where the refusal or granting of a license is within the discretion of the Court of Quarter Sessions, and if no reason be given, the action of the court is conclusive, but if the judge granting or refusing the license gives reasons, we will consider whether they are valid or not."

In view of the fact that counsel for the appellee in that case cited Benton Township Road, 41 Pa. Superior Ct. 57; that said case was not commented upon or referred to in the Roaring Brook Township Road, it is fair to conclude that it has been overruled by the Superior Court, and that the law of the State now is in conformity with the language of Mr. Justice Sterrett in Ohio and Ross Township Road, 166 Pa. 132. I conclude, therefore, that the court is without authority to review the finding of the viewers in this case as to the necessity for the road. The exception is overruled.

The second exception under consideration goes to the action of the viewers in providing that a portion of the private road is necessary for use by the land owner upon which the road is laid and by the petitioner, reporting that said portion of the private road in common use be maintained at the joint expense of the land owner and the petitioner.

The General Road Act of June 13, 1836, § 15, P. L. 551, 557, provides: "All private roads shall be opened, fenced and kept in repair by and at the expense of the person or persons respectively at whose request the same were granted and laid out, and by their heirs and assigns.". The exceptants insist that, because of the section quoted, the viewers have exceeded their authority, wherefore, the report must be set aside. But in Clowes's Private Road, 31 Pa. 12, it is said: "There is also error in laying the road on the bridge of another man without making a special order in relation to the duty of the applicant in regard to its maintenance and repairs. He ought to be required to keep it up so long as he alone uses it, and if the owner uses it in common with him, it ought to be kept up at the commen expense, and so ordered."

The second exception is overruled.

### Decree.

Now, April 6, 1923, this cause having come on to be heard, was argued by counsel, and after due consideration of the same, the exceptions are all over-ruled and the clerk is ordered and directed to issue the order for the opening of said road upon the presentation to him by the petitioner of a receipt by William Duecker that the damages awarded in the report by viewers have been paid, or upon payment of said damages by the petitioner into court.

From Daryle R. Heckman, Somerset, Pa.