## In re Opening of Two Public Roads in
## Upper Providence Township

*Fox, Differ & Honeyman*, for petitioner.
*William L. Huganir*, for township supervisors.

DANNEHOWER, J., January 5, 1955.—The Supervisors of Upper Providence Township have filed three exceptions to the report and recommendations of a jury of view (appointed on the petition of 31 residents of the township) recommending that two new public roads be laid out and opened, each 50 feet in width; Green Street, having a length of 420 feet; and Yocum Street, having a length of 937 feet. These two new roads connect and are in the shape of an "L" with Green Street as the shorter road.

The report of the viewers having been confirmed nisi by the court, these three exceptions were filed and raise but two issues:

(1) That the jury of view improperly recommended the opening of these public roads, because it failed to recognize the effect of the Subdivision Ordinance of

Upper Providence Township, dated June 4, 1948, and the Act of May 1, 1933, P. L. 103, sec. 1140, 53 PS §19093-1140, and, ·

(2) that Green Street, on the short side of an "L", is unnecessary for public travel.

We think the opinion of Sheely, P. J., in the Petition for the Laying Out of a Public Road in Susquehanna Township, Dauphin County, Pa., Known as Kramer Street, reported in 52 Dauph. 315, is a full and complete answer to this exception:

"We think exceptants have confused their remedies. Section 1140 of the Act of May 1, 1933, P. L. 103, 53 PS §19093-1140, provides that: 'No person shall construct, open, or dedicate any road, street, lane, alley, or any drainage facilities in connection therewith, for public use or travel in any township without first submitting plans thereof to the township supervisors for their approval. . . . No road, street, lane, or alley, or any drainage facilities in connection therewith shall be opened, constructed, or dedicated for public use or travel except in strict accordance with plans approved by the supervisors. . . .' Section 1144 makes a violation of section 1140 a misdemeanor, and section 1142 prohibits the supervisors from doing work of any kind upon such road, etc., before the plans are approved, and provides that they shall have no· responsibility in connection therewith.

"It will at once be seen that the approval of the plans of dedicated streets, etc., as required by this statute, is an entirely different matter than, and has no connection with, the laying out of roads or streets under the Act of June 13, 1836, P. L. 551, as amended, 36 PS §§1781, 1785. Section 1140 refers only to the construction, opening, or dedication of streets, etc., and section 1145 provides that the approval of the plans by the township supervisors shall not obligate or require the township to construct, reconstruct,

maintain, repair, or regrade such roads 'until and unless authorized and ordered so to do by the proper court pursuant to the provision of existing law in that regard.' The plans provided for in section 1140 may be approved by the supervisors without liability or any responsibility until the road is laid out by court action, or the court may lay out the road even though no plan be submitted.

"The only effect, therefore, of opening the street in question without approval of the plans was to expose the persons doing so to the possibility of a prosecution under section 1144. The authority of the court to appoint viewers to lay out the street was not affected."

For the above reasons, exceptions 1 and 2 are without merit and must be dismissed.

Turning now to the exception as to the nonnecessity of one of the roads:

The report of the jury of view reads:

"The jury of view finds as a fact, after view and hearings that there is a necessity for the opening of Green Street and Yocum Road to a width of 50 ft., which is amply sufficient for the present demands of the abutting property owners to serve themselves, trades people and for others on demand for the safety of the property owners.

"Your viewers have agreed there is a necessity for the two roads to be opened and laid out at the location as proposed. . . ."

The first section of the Act of June 13, 1836, P. L. 551, as amended by the Act of April 27, 1911, P. L. 95, sec. 1, 36 PS §1781, directs the viewers to view the ground and section 3 requires them to state in their report "whether the road desired be necessary for a public or private road". The viewers then, in deciding in favor of a public road, must find that it is necessary for the public. This the jury of view did in this case.

However, the cases are not altogether harmonious as to the finality of this decision of the viewers. The court will rather strongly incline to accept their conclusion and sometimes has seemed to hold that an exception alleging the nonnecessity of the road will not be considered: East Penn Township Road, 2 Pa. C. C. 453. At all events, an exception alleging that the road is unnecessary will be dismissed unless it is supported by satisfactory evidence. No depositions nor objectors appeared in this case. The viewers, having been on the ground and viewed it with reference to location and surroundings, and having heard what persons had to say for and against it, an exception, unsupported by evidence, that the road is unnecessary, will be dismissed. A review is a preferable and proper method of procuring a reconsideration of the question of necessity. In re Public Road in Benzinger Township, 115 Pa. 436.

Furthermore in Ohio and Ross Township Road, 166 Pa. 132, it was said:

"Strictly speaking, that testimony is no part of the record before us; nor do we think it was properly before the Court below on the question of necessity or nonnecessity of the proposed road. That question should be determined in the duly appointed mode of proceeding, by views, reviews and, in the discretion of the Court, re-reviews."

In this case, we see no reason for deviating from what we consider to be the general rule and that is that the question of the necessity of a proposed road is exclusively for the viewers and the court has no jurisdiction to pass upon exceptions going to the necessity of the road, or the expense of constructing it, or whether it will be too much of a burden on the township, unless the lack of necessity clearly appears from the report itself. These matters are proper subjects for a review, not exceptions.

And now, January 5, 1955, for the foregoing reasons, all exceptions are hereby dismissed. The report of the viewers is hereby confirmed absolutely and the width of the two proposed new roads is hereby fixed at 50 feet, as recommended by the viewers.