### Upper Yoder Township Road

*Spence, Custer, Saylor & Wolfe,* for petitioners.
*Frank P. Barnhart,* for township supervisors.

GRIFFITH, J., December 31, 1957.—Under the provisions of The Second Class Township Law of May 1, 1933, P. L. 103, as amended, 53 PS §66101, et seq., petitioners presented their petition to the supervisors of Upper Yoder Township requesting the opening of a public road. The supervisors failed to act within 60 days and consequently petitioners presented their petition to the court of quarter sessions for the appointment of viewers to lay out the road requested of the supervisors. In accordance with section 1101 of The Second Class Township Law, 53 PS §66101, the court of quarter sessions is directed to "proceed thereon

as provided by the general road law". Proceeding under the General Road Act of June 13, 1836, P. L. 551, 36 PS §1781, et seq., viewers were appointed, held their hearings and made their report. Exceptions to the viewers' report were filed both by petitioners and the township supervisors.

The final section of the viewers' report reads as follows:

"Fifth, from the evidence presented at the hearing, the viewers recommend that the said proposed road be constructed in accordance with Upper Yoder Township's resolution and ordinance dated the 26th day of August, 1956, before asking for acceptance as a public highway of the Township of Upper Yoder;* and it is also recommended by the Board of Viewers that said proposed road be considered a private road.

"But after taking into consideration all the matters before us, we are of the opinion that the road as prayed for by the petitioners and viewed by us is necessary and convenient and arrangements should be made between the Township of Upper Yoder and the property owners abutting for the construction of this road."

After oral argument the supervisors withdrew their exceptions but in the exceptions as originally filed by

---

* This ordinance was drawn pursuant to the Act of May 1, 1933, P. L. 103, as amended, 53 PS §66140 et seq., which provides that "No road shall be opened . . . except in strict accordance with plans approved by the supervisors". The ordinance required certain specifications before submitting such plans to the supervisors. However, a violation of this statute does not affect the authority of the court to appoint viewers to lay out a road since the proceeding under the General Road Law of 1836, supra, is an entirely different matter: In re Opening Two Public Roads, 2 D. & C. 2d 290. The only effect of opening a road without the supervisors' approval would be to expose those so doing to a prosecution under section 1144 of the Act of 1933, supra, 53 PS §66144.

both parties it was contended that the fifth paragraph of the viewers' report was vague and indefinite. We agree with both exceptants.

The third duty specifically imposed upon viewers under the General Road Act of June 13, 1836, 36 PS §1831, is that their report shall state particularly: "Third whether the road desired be necessary for a public or private road; . . ." This the viewers' report did not state. In the first paragraph of their fifth finding, the viewers "recommended" that the proposed road "be considered" a private road. In the second paragraph of their fifth finding, the viewers said that the road "as prayed for by the petitioners" is "necessary and convenient". The road as prayed for by petitioners was a public road and not a private road. The question of the necessity or nonnecessity of the proposed road as a public road or as a private road is a matter to be determined, and not merely recommended, by the viewers subject to review by the court of quarter sessions in two instances only. One, where the viewers find necessity for the road and the lack of necessity clearly appears from their report and, two, when the viewers find that the proposed road is unnecessary and its necessity clearly appears from their report: Ohio and Ross Township Road, 166 Pa. 132; in re Opening Two Public Roads, 2 D. & C. 2d 290. The report being inconclusive, it must be referred back to the viewers to make a specific finding as to whether the proposed road is necessary as a public road or as a private road.

The viewers are also required in their report to note briefly the improvements through which the proposed road may pass: General Road Act of June 13, 1836, P. L. 551, sec. 3, 36 PS §1831. Since the report must be referred back to the viewers to clarify its ambiguity in regard to the necessity of the proposed road, whether as a public road or as a private road, they

should, when they again submit their report, show the improvements through which the proposed road will pass.

We, therefore, enter the following

*Decree*

And now, December 31, 1957, at 3:30 p.m., after argument and upon due consideration, the report of the viewers appointed to view and lay out the proposed road in Upper Yoder Township is hereby referred back to the viewers with directions to proceed consistent with this opinion and to report to the court of quarter sessions of Cambria County on or before the first Monday of March, 1958.